CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. The district judge found plaintiff disabled for about 3 months after payments were stopped and awarded $1,675 to cover both weekly benefits and future medical expense. Defendant appealed.
The issues are: (1) Was plaintiff disabled beyond May 8, 1969, the day on which compensation payments were terminated? (2) Is the award for future medical expenses supported by the necessary proof?
Plaintiff worked at a rice drying plant. His duties included operating machinery, sweeping, loading sacks of rice, watching the office and other general work about the plant. On February 19, 1969, the elevator in which he was a passenger dropped 30 to 35 feet, causing the injuries at issue.
Plaintiff was seen initially by Dr. S. C. Carrington, a general practitioner of Welch, Louisiana. He diagnosed tenderness of the lumbar area, ankles and feet and referred plaintiff to Dr. Edmond C. Campbell, an orthopedic surgeon in Lake Charles.
Dr. Campbell saw plaintiff on April 15, 1969 and found contusions of both heels. He suggested corrective shoes. Dr. Campbell discharged plaintiff as being able to return to work on March 31, 1969. He later examined plaintiff again on April 15, 1969 and still found no disabling residuals of the accident. Since both Dr. Carring-ton and Dr. Campbell reported plaintiff could return to work, compensation payments were terminated as of May 8, 1969.
*896 At the request of his attorney, plaintiff was seen on May 28, 1969 by Dr. Norman T. Morin, an orthopedic surgeon of Lake Charles. This physician made a very thorough orthopedic examination and found tenderness, with muscle spasm, at L4-L5 and residual tenderness of sprains of the knees and ankles. It was his opinion that these injuries were disabling but that plaintiff would be able to return to work within 2 or 3 months after the date of the examination on May 28, 1969.
In the course of his examination, Dr. Morin also found masses, approximately U/s inches in diameter, near each ankle. He stated that although the masses could be fatty tumors (lipomas), it is more likely that they are ganglions. The doctor explained that a ganglion is a pocket filled with a jelly-like substance, caused by a weakness in the covering of a joint or muscle. It was his opinion that if these ganglions did not exist previously they were probably caused- by the accident. They are not disabling but, if the patient desires their removal, the treatment of choice is surgical excision, for which the doctor’s fee would be $150 each. There is no evidence to show that any other medical expense is involved.
During the trial on November 24, 1969, Dr. Carrington examined plaintiff’s ankle and said the “muscles are prominent” but he would not make a diagnosis of gan-glions. However, he stated this is in the field of orthopedics and he would defer to the judgment of such a specialist.
Plaintiff testified these masses did not exist before the accident and that they started to appear about 6 weeks after the injury.
Under the testimony outlined above, plaintiff is entitled to weekly benefits for a period of 3 months after the date of Dr. Morin’s examination on May 28, 1969. Since workmen’s compensation payments were terminated on May 8, 1969, this means that plaintiff is entitled to benefits for an additional 15 weeks. At $45 per week, this comes to $675. In addition, the evidence shows the ganglions are causally related to the accident. The surgical fee for their removal at $150 each will be $300. There is no evidence to show that hospitalization or any other medical expense will be necessary. Accordingly, no award for future medical expense, other than the surgical fees, is proved.
We conclude plaintiff is entitled to an additional $675 in weekly benefits, plus $300 in future medical expense, for a total of $975. The judgment appealed must be reduced to this amount.
For the reasons assigned, the judgment appealed is amended by reducing the award to the sum of $975. Otherwise than as amended, the judgment is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed, as amended.
On Application for Rehearing.
En Banc. Rehearing denied.
TATE and MILLER, JTJ., not participating on application for rehearing.